**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AL ZEINY, | CASE NO. 5:12-cv-02752 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, et. al., | [Docket Item No(s). 14] |
| Defendant(s). | |

In this action, *pro se* Plaintiff Al Zeiny ("Plaintiff") brings a collection of claims against Defendants United States of America (the "Government") and unknown agents and informants from the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"). Presently before the court is the Government's Motion to Dismiss Plaintiff's amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Docket Item No. 14. Plaintiff has filed written opposition to the motion. See Docket Item No. 25.[1]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Having carefully considered the moving, opposing and reply papers, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for October 12, 2012, will be vacated and the Government's motion will be granted for the reasons explained below.

---

[1] The court has liberally construed Plaintiff's pleadings because he is proceeding *pro se*. See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).

1
CASE NO. 5:12-cv-02752 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

The court recounts only the allegations most relevant to resolution of this motion in order to establish context. Plaintiff is Muslim and was born in Egypt. See FAC, Docket Item No. 9, at ¶ 7. He came to the United States in 1991 to attend graduate school and eventually became a naturalized citizen in 2002. Id.

In general, Plaintiff alleges through a series of events that he has been unlawfully harassed by agents from the FBI and CIA. The first incident occurred in 2007 while Plaintiff was working in South Carolina. Id. at ¶ 8. Plaintiff alleges that communications from the FBI and CIA to his employer caused Plaintiff's coworkers to become suspicious of him such that he was harassed and subjected to discrimination. Id. at ¶ 9. He was eventually terminated in 2008. Id.

Plaintiff then obtained employment in San Jose, California, but was again subjected to harassment from the FBI and CIA. Id. at ¶ 11. Specifically, Plaintiff alleges that unidentified agents contacted his new employer and also "threatened Plaintiff that if the Plaintiff complained about FBI misconduct, then FBI will contact the Egyptian national security police to arrest and torture Plaintiff during his visit to Egypt." Id. at ¶¶ 12-15. In response to this continued harassment, Plaintiff filed complaints against the FBI. Id. at ¶¶ 16-18. He also instituted a request for records under the Freedom of Information Act ("FOIA") in December, 2010. Id. at ¶ 20.

After the FBI allegedly hacked into his employer's computer system in September, 2011, Plaintiff contends that his employer began to find ways to terminate him. Id. at ¶¶ 21, 22. Due to the adverse working environment, Plaintiff's mental health began to decline and he "unconsciously" attempted suicide on October 20, 2011.[2] Id. at ¶ 23. He was placed in a mental health facility, but contends that hospital staff was covertly operating at the behest of the CIA and offered him a deal requiring him to move back to Egypt. Id. at ¶ 25. Plaintiff claims the CIA made him a similar offer in November, 2011. Id. at ¶ 27. In addition, Plaintiff alleges that the CIA has kept him under surveillance, transferred money from his bank accounts, made unauthorized charges on his credit

---

[2] Plaintiff states in the FAC that the suicide attempt occurred in 2012. Based on the other allegations, however, that appears to be a typographical error.

cards, and prevented him from opening an Islamic Center in Cupertino. Id. at ¶¶ 29-31. He received death threats in May, 2012. Id. at ¶¶ 36, 37.

Plaintiff believes the conduct of the FBI and CIA was "done to drive [him] out of the country or drive him crazy as a punishment" for opposing CIA control of the Muslim community. Id. at ¶ 46. He commenced the instant action to rectify the injustice. Id. at ¶ 38.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also

construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

#### A. The Tort-Based Claims

Plaintiff's first, third, fourth and fifth causes of action arise in tort and therefore implicate the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Plaintiff's FTCA causes of action are deficient in a number of ways under Rules 12(b)(1) and 12(b)(6).

First, Plaintiff has not complied with the FTCA's administrative prerequisite. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant *shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*." 28 U.S.C. § 2675(a) (emphasis added). A federal agency's failure to render a final disposition within six months of a claim's presentation is also deemed a final denial. Id. "The requirement of an administrative claim is jurisdictional" and demands strict compliance. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Here, Plaintiff contends in both the FAC and the written opposition to this motion that he attempted to commence the administrative complaint process by sending three claims to the Department of Justice in Washington, D.C., in May, 2012, none of which were apparently delivered and each of which designated the FBI as the responsible party. See FAC, at ¶ 35. According to the Government, Plaintiff also submitted a claim to the CIA on or about July 7, 2012. See Def.'s Not.

4
CASE NO. 5:12-cv-02752 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  Of Pl.'s Submission of Tort Claim to CIA, Docket Item No. 19.

2  Regardless of what actually happened to the claims directed to the Department of Justice, Plaintiff's own allegations establish that he did not attempt to present an administrative claim to either the FBI or the CIA until May, 2012.  Since Plaintiff also initiated this action in May, 2012, Plaintiff does not satisfy the statutory requirement that he first present an administrative claim and have it finally denied by the agency, either in writing or through six months of inaction, *before* filing a complaint in district court.  Because the presentation requirement is jurisdictional, Plaintiff's tort claims are subject to dismissal on that ground alone.

Second, many of Plaintiff's tort claims are not cognizable under the FTCA even if Plaintiff had properly presented them.  "The United States [is] liable . . . in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674(b).  This requires the court to assess any potential liability under the laws of the state in which the alleged tort occurred.  See Conrad v. United States, 447 F.3d 760, 767 (9th Cir. 2006).  Moreover, the FTCA precludes governmental liability for "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

For this case, the statutory exclusions to the FTCA proscribe Plaintiff's fourth cause of action for defamation to the extent such a claim is asserted.  See Seigert v. Gilley, 500 U.S. 226, 234 (1991); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003).  It also proscribes a damages claim based on unlawful harassment in this state because the California statutory scheme addressing harassing activity only provides for injunctive relief.  See Cal. Civ. Proc. Code §§ 527.6, 527.8.  Furthermore, the court cannot discern whether Plaintiff's claims for "obstruction of justice" and "obstruction of proper medical treatment" are viable causes of action in California and cognizable under the FTCA because Plaintiff has failed to support these claims with appropriate factual and legal citation.

Third, the tort claims are improperly plead against any individual defendants or agencies.  "The United States is the only proper defendant in an FTCA action."  Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995).

As explained, Plaintiff's tort claims suffer from a number of problems and must be dismissed

United States District Court
For the Northern District of California

without leave to amend since allowing for further amendment would be futile. Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). Because the court lacks subject matter jurisdiction over these causes of action, the dismissal will be without prejudice to being asserted at the appropriate time. See Payne v. Peninsula Sch. Dist., 653 F.3d 863, 882 (9th Cir. 2011) ("[A] plaintiff's failure to exhaust administrative remedies should result in a dismissal without prejudice.").

### B.      The FOIA Claim

Plaintiff alleges in the second cause of action that the FBI refused to release records pursuant to a request under FOIA. Like the tort claims, this cause of action also suffers from deficiencies.

To begin, Plaintiff has not named a proper defendant. Under FOIA, the only proper defendant is the agency purportedly in possession of responsive records, not an individual member of that agency. See Drake v. Obama, 664 F.3d 774, 785-786 (9th Cir. 2012). In this case, Plaintiff has asserted this cause of action against the United States as well as unknown agents of the FBI and CIA, none of which are an appropriate FOIA defendant.

In addition, it is not apparent whether this court has subject matter jurisdiction over Plaintiff's FOIA request as to either the FBI or the CIA. "Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." In re Steele, 799 F.2d 461, 465 (9th Cir. 1986). "The complainant must request specific information in accordance with published administrative procedures . . . and have the request improperly refused before that party can bring a court action under the FOIA." Id. at 466. "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." Id. As to the CIA, Plaintiff did not allege that a request for records was made to that agency. As to the FBI, Plaintiff's allegations are contradictory on the issue of refusal; one the one hand, Plaintiff alleges the FBI responded to his FOIA with request with a letter "discussing the findings of FOIA request and the associated cost" and on the other he alleges that unidentified FBI agents informed his prior attorney that FOIA records would not be released. See FAC, at ¶¶ 20, 33. Accordingly, the court cannot definitively determine that Plaintiff's FOIA request was improperly

1  refused by the FBI since there is a suggestion that the FBI did respond with an offer to make records
2  available at some point.
3      Since Plaintiff cannot assert a FOIA claim against the named defendants and because
4  Plaintiff has not established this court's subject matter jurisdiction, the fourth causes of action will
5  be dismissed without leave to amend since allowing for amendment under these circumstances
6  would be futile. Miller, 845 F.2d at 214. This dismissal is also without prejudice to being re-
7  asserted in an appropriate action against the proper defendants.

    **C.**    **The Civil Rights Claim**

9      Plaintiff's sixth cause of action is entitled "violation of civil rights." Although the legal basis
10 for this claim is not entirely clear, the court must presume that Plaintiff intended to plead a claim
11 under 42 U.S.C. § 1983 or a related statute. This type of claim is not available against the United
12 States - the only specifically identified defendant in this action - because "suits against the United
13 States brought under the civil rights statutes are barred by sovereign immunity." Affiliated Prof'l
14 Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). Moreover, there is no
15 indication from the FAC that the unknown FBI or CIA agents are being sued in their individual
16 capacities such that an action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,
17 403 U.S. 388 (1971), can arise. Because Plaintiff cannot assert a civil rights claim against these
18 defendants as a matter of law, it will be dismissed with prejudice.

    **D.**    **The First Amendment Claim**

20     In the seventh cause of action, Plaintiff alleges a violation of his rights under the First
21 Amendment. Specifically, he contends that "members of the Muslim community are deprived of the
22 right to attend religious services without fear of law enforcement agents spying on them while they
23 pray or receive other religious services" and are "either scared to come to the Islamic Centers or
24 tempted to boycott them to avoid harm and harassment." See FAC, at ¶ 74. He further alleges that
25 the CIA has a "known chief agent in charge in the Muslim community," which causes a situation in
26 which "profiteers" flirt with the CIA chief in exchange for "good paying CIA positions." Id. at ¶ 78.
27 The only allegation personal to Plaintiff is contained in one sentence: "Plaintiff is obstructed from
28 free speech in Islamic Centers in fear of CIA agents making his life more miserable." Id. at ¶ 75.

On these allegations, Plaintiff has failed to state a claim.  To the extent he seeks relief based on the religious community as a whole, he has not supported his claim with sufficient factual information to overcome the prudential limitations on standing.  See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (explaining that the prudential limitation "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." (internal quotations omitted)); see also Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1105 n.3 (9th Cir. 2006) ("[A] party seeking to champion the rights of third persons must demonstrate that, '[f]irst, [it] has a 'close' relationship with the person who possesses the right . . . [and s]econd. . . there is a 'hindrance' to the possessor's ability to protect his own interests.'" (quoting Kowalski v. Tesmer, 543 U.S. 125, 130 (2004))).

With regard to his personal allegation, Plaintiff has not specified the religious conduct affected by the Government's actions outside of a general allegation of obstruction.  Nor has Plaintiff identified the "known chief agent" from the CIA who allegedly oversees and controls the Muslim community.  More particular allegations are necessary to demonstrate a "substantial burden" on Plaintiff's First Amendment right to the free exercise of religion.  See Am. Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1123 (9th Cir. 2002) ("[W]hen the challenged government action is neither regulatory, proscriptive or compulsory, alleging a subjective chilling effect on free exercise rights is not sufficient to constitute a substantial burden.").

Most importantly, Plaintiff's vague allegations of a CIA conspiracy to infiltrate Islamic centers and control the ability of Muslims to exercise their religion are subject to dismissal under the substantiality doctrine.  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Levine, 415 U.S. 528, 537 (1974) (internal quotations and citations omitted).  Indeed, theories like the one presented here have been dismissed by other courts for lack of subject matter jurisdiction under the substantiality doctrine.  See, e.g., Ticktin v. CIA, No. CV 08-998-PHX-MHM,

2009 U.S. Dist. LEXIS 29693, at *9-10, 2009 WL 976517 (D. Ariz. Apr. 9, 2009) (collecting similar cases).

Due to the insufficiency of the allegations as well as the fact that Plaintiff's theory implicates the substantiality doctrine, the court will dismiss Plaintiff's First Amendment claim with prejudice as other courts have done with similar claims. See id. Allowing for amendment of this claim would be futile. Miller, 845 F.2d at 214.

### IV.   ORDER

Based on the foregoing, the Government's Motion to Dismiss (Docket Item No. 14) is GRANTED as follows:

1. Plaintiff's first, second, third, fourth and fifth causes of action are DISMISSED WITHOUT PREJUDICE to being reasserted in another action when appropriate;
2. Plaintiff's sixth and seventh causes of action are DISMISSED WITH PREJUDICE.

The hearing scheduled for October 12, 2012, is VACATED. Because this order effectively resolves this case, judgment will be entered accordingly and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October 10, 2012



EDWARD J. DAVILA
United States District Judge